Today's case is number 221750, United States v. Roy Sastrom. At this time, would counsel for the appellant please introduce himself on the record to begin? Good afternoon, your honors, and may it please the court. Max Rodriguez from law firm Pollack Cohen on behalf of defendant appellant Roy Sastrom. And I would ask if I could reserve two minutes for rebuttal. You may. Thank you. Your honors, this appeal arises from the district court's imposition of modification of Mr. Sastrom's terms of supervised release, compelling his transportation to Connecticut from the District of Massachusetts, I'm sorry, from his custody in the Bureau of Prisons in Arizona, rather than returning to the District of Massachusetts, and ordering that in Connecticut he report to Whiting Forensic Hospital, a psychiatric hospital with a long checkered record of abuse, neglect, and litigation. Mr. Rodriguez, excuse me. It seems to me you have some threshold issues that you've got to confront before you get to the merits of your complaint about the supervised release order. Chief among them is the fact that there is no longer a case pending in the district court in Massachusetts. The case has been transferred to a district court outside this circuit. That's correct, Joseph. I'm sorry, Joseph. It's not correct? No, I said that it is correct, but I wanted to apologize in case you hadn't finished speaking. No, that's all right. Great. But that presents, it seems to me, certain barriers to reaching the merits of this appeal. Yes, Your Honor. So you are correct that the district court, after issuing the order that was appealed, the modification of the terms of supervised release, there was then a transfer order to the District of Connecticut  Our position as a district court is that the District Excuse me. Before you tell me your position, let me make sure I understand the facts. With respect to that transfer order, you neither filed an objection to it, moved to stay its operation, nor appealed from its entry. Are those three facts correct? Yes, Your Honor. Those three facts are correct. OK. So my position, as I laid out in the reply brief in particular, would be that the jurisdictional divestiture rule should apply, and that once the notice of appeal had been filed, there was no need to pursue any further proceedings on this issue related to the transfer to Connecticut, both physically and also jurisdictionally, until this appeal had been resolved. But in this circuit, the judicial divestiture rule has been applied quite narrowly, and only in those instances where applying it would serve the principles of judicial economy. I mean, I don't understand why it would apply here. There was nothing that would have prevented litigating the question of the transfer, despite the fact that an appeal from the supervised release order was pending. Yes, Your Honor. So my view would be that it would apply because judicial economy would weigh in favor of not adding a further district court and a further circuit court to the issue of the District of Massachusetts. What I would respectfully submit is the error. And moreover, the other factor that this court has applied with respect to divestiture is the need to avoid confusion and inefficiency. And I think with respect to, in some respects, essentially depriving Mr. Sastrom of an appellate remedy by virtue of that transfer, I would respectfully submit that it should be applied here. Counsel, can I ask you factually? So the district court enters the modified supervised release order on September 22nd. And then you notice your appeal on October 4th. Is that correct? Yes. And then the Massachusetts district court transfers on November 9th. Yes. Was there any notice that the district court in Massachusetts was going to transfer the case? Was there an opportunity for you to object? So me personally, Your Honor, no. I'm sorry, for the client. Yes. So I was appointed in January. But yes, so my understanding is that there was notice of the transfer, but no objection was lodged by his counsel in the district court. And no expansion of the notice of appeal was lodged either. That being said, if that were the threshold issue and other issues were viewed by the panel as meritorious, I would be happy to make a motion to expand the issues on appeal. But my position in the briefing, as I articulated, is that the transfer shouldn't be considered because of the divestiture rule. Mr. Rodriguez, what's the best authority you have for the application of the divestiture rule in this situation? What's the closest parallel you could find in the case law? So, Your Honor, I think the best example that I could point to, which I pointed to in my reply brief. One moment, I apologize. No, that's all right. It's in your reply brief. We'll find it. Yes, and so I understand that I cited a matter from a decision of this court from 2018. The name is escaping me. And the government cited another case from 2019 articulating that it's not jurisdictional and, in fact, is discretionary. I think, overall, the issue I struggle with with the government's position is that, at the end of the day, the situation they're inviting is inviting greater complexity that resolves none of the issues in the appeal. Because if this were to be objected to in the District of Connecticut on appeal to the Second Circuit, there would be certainly no remedy to resolve the issue that Mr. Sastrom was deprived the opportunity of a consideration of the proposed modification outside of the state of Connecticut, which was the opportunity that he originally had that he was deprived of. Well, certainly, you could ask the District Court in Connecticut to modify the supervised release order if confinement at Whiting was inimical to the goals of supervised release. But I have one more question that I'd like you to address. You don't raise the possibility of the application of the divestiture rule until you're replied with. We have a series of cases that are sentient, headed by Sandstrom against Kemlon, that was decided some 40 years ago, which say that when an appellant raises an argument for the first time in his reply brief, that argument is deemed waived. Why shouldn't we treat your divestiture argument as waived? Well, Your Honor, I would just respectfully ask that, at a minimum, you consider it under plain error analysis, but certainly But our case law is very clear that we don't treat it as plain error. We treat it as waiver. And what I'm asking you is, is there some basis or reason that would accept this case or exempt this case from the application of what is a settled rule in the circuit? I'll have to consider that further. And if I think of something else to address, Your Honor, I'll be happy to provide it during my rebuttal time. If there are any other questions at this time? Can I ask you a different question? Sure. So in your briefing, you ask us to vacate the modification order and remand for new proceedings. But what do you expect the new proceedings to accomplish? And then, well, answer that question. I'll have that. Sure, Your Honor. What I expect them to accomplish is a consideration of the factors mandated by 3583. And given the facts underneath, which I'm not going to discuss in detail because some of them are sealed, there isn't any evidence to suggest it would be appropriate under 3553A for what has occurred to have occurred. And so were there a vacating of the order, a remand with directions to request that the case be transferred back here from the District of Connecticut, the transfer statute doesn't foreclose that possibility of what I guess we'll call a re-transfer, that would give Mr. Sastrom an opportunity to have the factors appropriately considered. And were they appropriately considered, I would submit that sending him to Connecticut, even if institutionalizing him is not a step the district court affirmatively takes, it took every step preceding that to ultimately land him in that position that was totally baseless according to the facts that were in the record before the district court. Isn't the actual change in the order that you're asking for limited to the district court just omitting the requirement that he report to Whiting? Is there anything else in the order that you think would need to change? Well, Your Honor, I think the other thing that would need to change would be that there was a modification at all. And if we're back to the default that there was no modification, to affirm the modification, there needs to be a new hearing to determine whether the modification is proper. And at that new hearing, that is where the 3583 factors would be considered. Right, but the key modification for the purposes of your client is that he was required by federal court as a condition of his supervised release to report to Whiting, correct? Correct. Am I missing anything? No, the further step I would propose, which is not necessarily for this court, is that I would argue that the proper outcome is what his counsel before the district court proposed, which was a stay of that decision and an imposition of essentially what were the appropriate default supervised release conditions, which would be a halfway house with an order that he obviously report to probation and also that he attend outpatient services here in the District of Massachusetts. That was originally what was proposed. It was not my position that that's necessarily something that this court would order, but rather that the primary issue is the error of failing to consider the evidence necessary to weigh that decision, because what the court essentially said, I can pull the quote, is the court said I'm not going to decide his mental health status through the auspices of a supervised release proceeding when I would submit that is on some level exactly what 3583 expects the district court to do with respect to an individual where supervised release conditions related to their mental health are a paramount part of the context of what the court is trying to accomplish that Congress directed it to do in the statute. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good afternoon. Donald Lockhart for the government. I'll address the merits of the divestiture point, but first want to make some threshold points about that divestiture argument. First of all, as Judge Selya noted, there was no notice of appeal from the transfer order, so that order is simply not before the court. Second, the defendant never in his opening brief contested that transfer order. He raised the divestiture issue for the first time in the reply brief, so it simply waived. Third, and to Judge Rickleman's point, there was a month-long period in the district court in which this transfer order was underway and being perfected. At no point during that one month period was there any objection to the impending transfer of the case from the District of Massachusetts to the District of Connecticut. If you look at the record cited in our brief, it did actually take about one month for that to take place. So there was sort of no scenario in which the transfer was just sprung on the parties without warning. There was plenty of opportunity to object, and there was no objection. Counsel, I'm sorry, can I just ask you a question about that? Was that the time period when Mr. Sastrom had requested new counsel? Do you know how it maps onto the time that the transfer motion was pending? I don't know how it precisely maps onto that time period. My impression, which could be wrong, was that he still had his original federal defender in the transfer period. But I'd need to check the record on that, and I can send the court a letter under 20 HA on that point. So the bottom line is, if you look past the fact that there was no notice of appeal, if you look past the fact that there was a waiver, the best case scenario for the defendant is plain error review, because there was no objection in the district court. And we would submit that it is far from plainly or obviously the case that the divestiture rule applies here. And we would note several things on the merits of divestiture. Number one, the very statute that provides for transfers, 3605, allows a transfer to be done after the district court imposes sentence and at any later time. So Congress itself has decided that district court judges will have the power to effectuate transfers after notices of appeal have been filed. It's very common in a case like this for a notice of appeal to be filed. So Congress has to know about the likelihood of a notice of appeal in a setting like this. And the fact that it itself would like district courts to be able to do these transfers at any later time tells you that Congress itself has spoken authoritatively to the issue of divestiture. Second point, and relatedly, this court's DeMario decision says that a district court judge retains the power to modify and revoke and otherwise deal with terms of supervised release even after the defendant has filed a notice of appeal, and even in a case where the pending appeal is actually targeting some facet of supervised release. So if that's the case, it doesn't seem that there could be any impediment at all to a transfer which is closely related to, in fact, intertwined with the very subject matter of supervised release. And the final point is that this court has clarified in the Carpenter case that divestiture is not a jurisdictional doctrine. It's a prudential doctrine. And here there are very good prudential reasons why we want district court judges to be able to transfer cases, supervised release matters, to the district, to the actual locale where the defendant is either released or is going to be released. We want a local federal district court judge to be able to supervise that matter. And so that sort of completes my thought on the merits of divestiture. I did want to address one point that Judge Mano Cabo made in answer to one of her questions. The defense counsel says that the goal here is a transfer back to this district, is I think the way he framed it. Let there be no mistake. What he's saying is discharge from state custody. There's no way to read transfer back to the District of Massachusetts as anything other than an order which effectively causes Mr. Sastrom to be discharged from the state of Connecticut's custody. And he cites no authority for a district court to invoke its powers of supervised release to order the discharge of a person who You know, there are obviously important federalism issues involved in that. But more pragmatically, this is a situation where Judge Sarris felt accurately that the people who should be looking at his mental health are the people who had the most experience with that mental health situation. So the idea that a federal district court judge should come moonlighting into a commitment issue in another state and order a discharge using supervised release powers, not habeas powers even, but supervised release powers, it's completely unprecedented. There's no case law or argument made on this point from our standpoint. Counsel, can I just ask you a question, though? If the order was vacated and it was sent back, and let's just put aside the transfer question for now. And I don't know, perhaps I'm getting to your Article III arguments now, but there is something that a district court could do. It could change the order which stands right now, which requires him as a condition of his federal supervised release to report to Whiting. It could remove that condition so that if he were to prevail in his Connecticut case at some time very soon, he would no longer be under a federal court order requiring him to report to Whiting. Isn't that true? To me, that amounts to a discharge. In other words, if I'm understanding your question, the Connecticut District Court, which is the only court that has jurisdiction over supervised release at this moment, and over whom you have no power, were to get a remand order from you, which is unlawful because you have no control over that judge. And then that judge were to follow your unlawful remand order and transfer Sastrom back to the District of Massachusetts. Then, if I understand your question, Judge Sarris might enter an order deleting the report condition, which effectively would mean that Sastrom has now been discharged from the Connecticut state custody? I think I'm trying to say something different, which is before the transfer issue, which you said is a prudential doctrine, not a jurisdictional doctrine. You made Article III arguments to the court, right? That there was no actual dispute here? Oh, yes. There's a whole separate mootness issue, which we haven't even addressed. Yes, so that's, in a sense, what I was asking you about, is whether or not there's an actual dispute between him and the United States. Isn't there a dispute given that there is a federal court order requiring him to report to Whiting as a condition of his supervised release? And he wants that changed. So why isn't that enough of a dispute? So I didn't understand that you were getting to the mootness question. And the answer is no, because he challenged that report order, and he has now since reported. So unless this court or Judge Saras can order his discharge from Connecticut state custody, there's no effectual relief that you can supply at this point, his having already reported pursuant to the original order requiring that he report. And there's another thing, too. Mr. Sastrom could have, in the wake of that order, filed an immediate notice of appeal, and he could have sought a stay in this court, preventing the transfer. He didn't do that either. And so at this point, there's just no relief that this court or Judge Saras could provide him that's meaningful for constitutional purposes. Now, in the reply brief, the defendant says that, well, a district court judge would have the power to habeas him in for a supervised release hearing. And so in that sense, could get him from the custody, temporarily at least, of Connecticut for those purposes. And that's probably true, but that doesn't imply the power to actually discharge him from state custody. The reply brief also suggests that effectual relief could be supplied in the form of a remand, which would allow Mr. Sastrom to file a petition for early termination of his supervised release. We have three responses to that argument. First of all, it's a non sequitur, because it doesn't bear any relationship to the report condition that's being challenged on appeal. There's just no connection between his ability to move for supervised release and the order that he's actually challenging on appeal. Second, he is free right now, regardless of a remand, to go straight to the District of Connecticut federal court and petition for early release if that's what he wants to do. He could do that, notwithstanding the pendency of the appeal. We know that from DiMario. And the statute itself, 3583, permits him to seek that early termination today, if he'd like to. He'd have to file it in the District of Connecticut. But the notion that somehow a remand from this court for that purpose is required is wrong. And finally, the remand, if any, for this purpose would have to be to a judge in the District of Connecticut over whom you have no jurisdiction. The court has no further questions. We'll rest on the brief. Thank you. Thank you, counsel, at this time. Counsel for the appellant, can you please reintroduce himself on the record? You have a two minute rebuttal. Thank you. Max Rodriguez again on behalf of Mr. Sastrom. I just wanted to make two points briefly. So the government refers repeatedly to the term custody. And the sort of blending of a civil order, in this case, the commitment to a psychiatric hospital and criminal detention is a blending that is also present in the government's brief. But I don't think that blending is appropriate, because I think there's a meaningful distinction between civil orders and criminal orders, namely that the Interstate Detainers Act that's referenced in the government's brief speaks to cooperation for extradition for criminal process when, in fact, the state of Connecticut affirmatively acknowledged as a part of this hearing that they had no authority to get him from the District of Massachusetts and he had to be handed to them in Connecticut. And so the thing I would point out is that if we imagined any other type of civil process that hypothetically detained a person, the other example that came to mind is if someone were in civil contempt due to a proceeding in the Connecticut Superior Court. If the District of Massachusetts asked that that person be present, I don't see any reason why I don't see any authority that would prevent ordering that person to attend and then having the Connecticut State Authority decide what to do with that. But are you ultimately asking for if there was a, we vacated and there was actually a remand and you were back in front of a district court, are you actually asking that the district court order that he be released? Is that the relief that you're seeking, ultimately? Ultimately, were there a remand, that argument would be made before the district court. Yes, would be that in the form of a stay, that there is no justifiable basis to place him in the custody of the state of Connecticut so long as there is this pending challenge which has a strong basis on the merits to discharge the jurisdiction over him from the psychiatric board, which was wrongly issued by the board and is now being challenged. I guess I'm confused, because when I asked you a similar question earlier, you said you were asking us to send it back for reconsideration of the factors that Judge Sarris considered. So what exactly are you asking us to do? If I muddied the waters there, I apologize. To be clear, I think that is the position that would be taken before the district court. And in order to, and in taking it. Modify the consideration of the factors, not modify the order to report to Whiting. Correct, it would be up to the district court to reach that decision anew based on evidence in the record and an appropriate consideration of the factors. Separately, I was implying that that would be the position that would likely be taken in front of the district court when those factors were newly considered after a remand. Thank you, I understand. Thank you. Thank you, that concludes our argument in this case.